# United States Court of Appeals for the Federal Circuit

---

**DOLBY LABORATORIES LICENSING CORPORATION,**
*Appellant*

**v.**

**UNIFIED PATENTS, LLC,**
*Appellee*

**COKE MORGAN STEWART, ACTING UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2023-2110

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00275.

---

Decided: June 5, 2025

---

KAYVAN B. NOROOZI, Noroozi PC, Los Angeles, CA, argued for appellant. Also represented by RICHARD EPSTEIN, Norwalk, CT.

2    DOLBY LAB'YS LICENSING CORP. v. UNIFIED PATENTS, LLC

ANGELA M. OLIVER, Haynes and Boone, LLP, Washington, DC, argued for appellee. Also represented by ADAM LLOYD ERICKSON; DEBRA JANECE MCCOMAS, DAVID L. MCCOMBS, Dallas, TX; ROSHAN MANSINGHANI, JESSICA LEANN ANDERSEN MARKS, Unified Patents, LLC, Chevy Chase, MD.

KEVIN J. KENNEDY, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by BRIAN M. BOYNTON; PETER J. AYERS, MICHAEL S. FORMAN, AMY J. NELSON, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

_____

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

Dolby Laboratories Licensing Corporation (Dolby) appeals from a final written decision of the Patent Trial and Appeal Board (Board) determining all challenged claims of U.S. Patent No. 10,237,577 are not unpatentable. Because Dolby fails to establish an injury in fact sufficient to confer standing to appeal, we dismiss.

## BACKGROUND

Dolby owns the '577 patent, directed to a prediction method using an in-loop filter. '577 patent at 1:54–58. Unified Patents, LLC (Unified) petitioned for *inter partes* review (IPR) challenging claims 1, 7, and 8 of the '577 patent as anticipated and obvious. J.A. 76. In its petition, Unified certified it was the sole real party in interest (RPI) under 37 C.F.R. § 42.8(b)(1). J.A. 81. Dolby identified nine other entities it believed should also have been named as RPIs (Alleged RPIs). J.A. 3568–86. In its institution decision, the Board declined to adjudicate whether the Alleged RPIs

were RPIs and instituted review with Unified as the sole RPI.  J.A. 5044–47.

In its final written decision, the Board held Unified failed to show any of the challenged claims are unpatentable.  J.A. 36.  The Board again declined to adjudicate the RPI dispute, explaining such a determination is unnecessary because there is no evidence any of the Alleged RPIs are time-barred or estopped under 35 U.S.C. § 315 from bringing the IPR or that Unified purposefully omitted any of the Alleged RPIs to gain an advantage.  J.A. 3–5 (citing *SharkNinja Operating LLC v. iRobot Corp.*, No. IPR2020-00734, Paper 11 at 2, 16, 18, 32 (P.T.A.B. Oct. 6, 2020) (precedential)).  The Board followed the United States Patent and Trademark Office's practice of only adjudicating RPI disputes when material to the proceeding in the interest of cost and efficiency.  *SharkNinja*, No. IPR2020-00734, Paper 11 at 18–20.  Dolby appeals.  Unified and the Director of the Patent and Trademark Office, who has intervened, challenge standing on appeal.

## DISCUSSION

We have jurisdiction to review final decisions of the Board pursuant to 28 U.S.C. § 1295(a)(4)(A).  However, our jurisdiction is limited to "Cases" and "Controversies."  U.S. CONST. art. III, § 2, cl. 1.  To establish a case or controversy, a party must meet the "irreducible constitutional minimum of standing."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Although a party does not need Article III standing to file an IPR petition or obtain a Board decision, the party must establish standing once it seeks our review of the Board's final decision.  *Allgenesis Biotherapeutics Inc. v. Cloudbreak Therapeutics, LLC*, 85 F.4th 1377, 1380 (Fed. Cir. 2023).

To meet Article III standing requirements, an appellant must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the [appellee], and (3) that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish an injury in fact, an appellant must show it has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). As the party seeking judicial review, Dolby bears the burden of establishing it has standing. *Phigenix, Inc. v. Immunogen, Inc.*, 845 F.3d 1168, 1171 (Fed. Cir. 2017).

Dolby argues it has standing to appeal the Board's refusal to adjudicate the RPI dispute based on (1) the statutory right of a "dissatisfied" party under 35 U.S.C. § 319; (2) the violation of Dolby's statutory right to information under 35 U.S.C. § 312(a)(2); and (3) various harms stemming from the Board's refusal, which amount to injury in fact.[1] We conclude Dolby failed to meet its burden to establish standing on any ground.

## I.

Dolby first argues 35 U.S.C. § 319 confers standing to appeal the Board's decision because it is a "dissatisfied" party. Dolby Op. Br. 12; *see also* 35 U.S.C. § 319 ("A party dissatisfied with the final written decision of the [Board] under section 318(a) may appeal the decision pursuant to sections 141 through 144."). We do not agree. It is well established that a statutory right to appeal under the America Invents Act (AIA) does not obviate the requirement for Article III standing. *See, e.g.*, *JTEKT Corp. v. GKN Auto. LTD.*, 898 F.3d 1217, 1219 (Fed. Cir. 2018) ("In a series of decisions, we have held that the statute cannot

---

[1] Dolby repeats these arguments to assert standing to challenge (1) *SharkNinja* as procedurally void and (2) the Board's grant of Unified's motion to seal certain information related to the unadjudicated RPI dispute as confidential. Dolby Op. Br. 24, 28.

be read to dispense with the Article III injury-in-fact requirement for appeal to this court.").

## II.

Dolby also argues 35 U.S.C. § 312(a)(2) grants patent owners an informational right to know the identities of all RPIs in IPR proceedings, and the violation of such a right constitutes an injury in fact.  Dolby Op. Br. 12–13; Dolby Reply Br. 1–10; *see also* 35 U.S.C. § 312(a)(2) ("A petition filed under section 311 may be considered only if the petition identifies all real parties in interest.").  We do not agree.

The Supreme Court has found an informational right exists in cases involving "public-disclosure or sunshine laws that entitle all members of the public to certain information." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021).  For instance, denial of access to records from the American Bar Association's Standing Committee on the Federal Judiciary constituted an injury in fact because the Federal Advisory Committee Act (FACA) requires that advisory committee minutes, records, and reports be made publicly available. *Pub. Citizen v. Dep't of Just.*, 491 U.S. 440, 449, 446–47 (1989) (citing 5 U.S.C. app. § 10(b)).

Similarly, denial of information about the American Israel Public Affairs Committee's contributors and activities constituted an injury in fact because the Federal Election Campaign Act (FECA) requires political committees to disclose detailed reports of donors, contributions, and expenditures. *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20, 14–15 (1998) (citing 2 U.S.C. §§ 432–34).  FECA specifically provides a statutory cause of action for any party to file suit if they believe a violation of the Act, such as failure to disclose certain information, has occurred. *Id.* at 19 (quoting 2 U.S.C. § 437g(a)(1), (a)(8)(A)).

One of the express purposes of FACA and FECA is thus to allow the public access to certain information.  By

contrast, the purpose of the AIA is "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Thryv, Inc v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020) (quoting H.R. Rep. No. 112–98, pt. 1, at 40 (2011)).

Even if patent owners have a right under 35 U.S.C. § 312(a)(2) to have RPI disputes adjudicated, such a right only arises in the context of IPR proceedings; there is no freestanding right to that information. Rather than creating a special statutory cause of action, the AIA bars judicial review of IPR institution decisions, which includes decisions concerning the RPI requirement under 35 U.S.C. § 312(a)(2). *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020); *cf. SIPCO, LLC v. Emerson Elec. Co.*, 980 F.3d 865, 869 (Fed. Cir. 2020); *see also* 35 U.S.C. § 314(d) ("The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."). We therefore hold the AIA does not create an informational right.

## III.

Dolby argues it has suffered an injury in fact because (1) the Alleged RPIs may be breaching license agreements, (2) the empaneled Administrative Patent Judges (APJs) that rendered the Board's final written decision may have conflicts of interest with the Alleged RPIs, (3) the Alleged RPIs may not be properly estopped in future proceedings, and (4) Unified may be disincentivized from filing IPRs if it must identify its members as RPIs. Dolby Op. Br. 12–15. We conclude Dolby's purported injuries are too speculative to establish Article III standing.

First, Dolby does not argue any of the Alleged RPIs are subject to license agreements with Dolby, much less provide evidence the Alleged RPIs are breaching license agreements. *See* Dolby Op. Br. 12–13; *see also Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1383–84 (Fed. Cir. 2021)

(holding appellant failed to show standing to appeal an IPR final decision based on ongoing license obligations that would not be affected by the validity determination).

Second, Dolby provides no evidence any of the APJs had a potential conflict based on any of the Alleged RPIs, despite Dolby's counsel knowing the identities of the Alleged RPIs and having the ability to request the APJs' financial disclosures once the case was empaneled. *See* Dolby Op. Br. 13; Director Br. 20–21. The APJs had sufficient information to ensure a lack of conflicts because Dolby identified the Alleged RPIs before institution. J.A. 3573–74. More importantly, Dolby cannot show harm from a potential conflict because it prevailed before the Board. J.A. 36. Dolby does not seek to disturb the decision in its favor issued by the APJs it claims may have had a conflict.

Third, Dolby provides no evidence it will be barred from asserting estoppel against the Alleged RPIs in hypothetical future litigation. *See* Dolby Op. Br. 14. Nor does Dolby claim that any of the Alleged RPIs is engaged in, or intends to engage in, activity that may trigger an infringement suit. *Id.* It is undisputed there is no pending or threatened litigation related to the '577 patent such that estoppel issues would be implicated. J.A. 4–5. It is also undisputed there is no collateral estoppel effect of the Board's refusal to adjudicate the RPI dispute that would prevent Dolby from raising the issue in future proceedings, whether before the Board or in district court. Director Br. 15; Unified Br. 15, 18.

Finally, Dolby provides no evidence Unified would change its strategies should it be required to disclose its members as RPIs. *See* Dolby Op. Br. 14–15. Dolby merely speculates that, if required to do so, Unified may never challenge another Dolby patent again. *Id.* The only support Dolby cites is Unified's CEO's testimony that requiring its members to be named as RPIs in IPRs would be "a

8    DOLBY LAB'YS LICENSING CORP. v. UNIFIED PATENTS, LLC

dramatic departure" from its existing practices.  J.A. 3662 at 24:23–24.  That is far too speculative to establish injury in fact.

## CONCLUSION

For these reasons, we conclude Dolby has failed to establish an injury in fact sufficient to confer Article III standing.  We dismiss the appeal and do not reach the merits of Dolby's substantive challenges.

## DISMISSED

### COSTS

No costs.